# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSE PINEDA, et al., | ) |
| Plaintiffs, | ) |
|  | ) Civil Action No. |
| v. | ) 16-12217-FDS |
| SKINNER SERVICES, INC., et al., | ) |
| Defendants. | ) |

## ORDER CONCERNING SANCTIONS
## FOR DEFENDANTS' CONTEMPT OF COURT

**SAYLOR, J.**

For good cause shown, and after a hearing, the following sanctions are entered against defendants Skinner Services, Inc. d/b/a Skinner Demolition and Thomas Skinner ("Defendants") for violating the Court's September 15, 2017 protective order, subject to the conditions set forth below.

1. **Back Pay**. Defendants shall pay $4,046.33 in back pay to plaintiff Manuel Goncalves. That amount represents wages payable to Goncalves from the date of his discharge to the date of the hearing ($9,352.33) less amounts earned working at other positions ($5,306.00). That amount shall be subject to interest accruing from the date of the violation to the date of this order.

2. **Front Pay.** Defendants shall pay $21,329.88 in front pay to Goncalves. That amount represents wages that would have paid to Goncalves for a period of six months going forward had he not been terminated. Although plaintiffs have requested front pay for a two-year period, such a period is longer than necessary or appropriate under the circumstances. The

purpose of this portion of the award is to compensate him for his losses arising from the violation, not to provide him a windfall. The front pay award will provide for a period of transition to other employment without providing excess compensation.

3. **Timing of Payments**. All payments to Goncalves shall be made on or before December 31, 2018; provided, however, that at plaintiffs' option, the payments may be made in part in 2018 and in part in 2019, provided that the full amount shall be paid no later than January 31, 2019. The Court takes no position as to whether the back-pay and front-pay payments are subject to federal or state tax withholding.

4. **Emotional Distress Damages**. Plaintiff has requested emotional distress damages. Because such damages are not available for civil contempt violations, the Court will not make such an award. *See Coleman v. Yeutter*, 955 F.2d 571, 577 (8th Cir. 1992); *In re Walters*, 868 F.2d 665, 670 (4th Cir. 1989).

5. **Attorney's Fees and Expenses**. Plaintiffs have requested $85,122.19 in attorneys' fees and $4,522.67 in expenses, totaling $89,644.86. Defendants contend that counsel's hourly rates are unreasonable, and that the billing records contain a significant amount of duplicative, excessive, or unnecessary work which should be reduced and discounted.

The Court agrees that the certain of the hourly rates charged are excessive under the circumstances, particularly those of the more junior attorneys (including attorney Shockey, who apparently is not yet admitted to the bar). It finds the following rates to be reasonable under the circumstances:

| | |
|---|---|
| Attorney Decter | $450 |
| Attorney Goldstein | $400 |
| Attorney Groner | $200 |

| | |
|---|---|
| Attorney McKissock | $175 |
| Attorney Shockey | $ 50 |

The Court also agrees that the hours requested are excessive and to a large extent duplicative, for the reasons set forth in defendants' memorandum. It finds the following hours to be reasonable under the circumstances:

| | |
|---|---|
| Attorney Decter | 1.2 |
| Attorney Goldstein | 70 |
| Attorney Groner | 49.7 |
| Attorney McKissock | 14.7 |
| Attorney Shockey | 7.0 |

The total fees allowed are as follows:

| | |
|---|---|
| Attorney Decter | $ 540 |
| Attorney Goldstein | $ 28,000 |
| Attorney Groner | $ 9,940 |
| Attorney McKissock | $ 2,572.50 |
| Attorney Shockey | $ 350 |
| Total | $ 41,402.50 |

The Court will also allow 14.8 hours for handling of administrative tasks at a rate of $50 per hour, for a total of $740, and making the total amount of attorney's fees $42,142.50.

Plaintiffs have not submitted the underlying invoices detailing their claimed expenses, which total $4,522.67. The charge of $1,000 for an interpreter appears appropriate. Plaintiffs seek $1,817.04 in Westlaw charges (reduced from the actual charges) and $1,541.00 in photocopying charges, which defendants contend are excessive. Because of the lack of detail, it

is difficult to make an assessment as to whether those charges are appropriate; the photocopying charge appears to be particularly high. Under the circumstances, the Court will reduce the expenses awarded by $500, and thus award $4,022.67.

Accordingly, the Court awards attorney's fees to plaintiffs in the amount of $42,142.50, and expenses in the amount of $4,022.67, for a total of $46,165.17.

6. **Letter of Reference.** Defendants shall, upon reasonable request made through counsel, provide Goncalves with a neutral letter of reference for future employment or other valid purposes.

7. **Notice to Employees.** Defendants shall post the Notice to Employees attached to this order as Exhibit A, together with a translation of the notice into Spanish and Portuguese, at a conspicuous place within the workplace within 14 days of this order. Defendants shall keep the notice posted for the duration of this litigation.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: December 10, 2018       United States District Judge