UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSE PINEDA, JOSE MONTENEGRO, MARCO LOPEZ, and JOSE HERNANDEZ on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs<br><br>　　　　　v.<br><br>SKINNER SERVICES, INC. d/b/a SKINNER DEMOLITION, THOMAS SKINNER, DAVID SKINNER, ELBER DINIZ and SANDRO SANTOS<br><br>　　　　　Defendants. | C.A. No. 1:16-cv-12217 |

## DEFENDANTS' MOTION TO STAY EXECUTION OF INJUNCTION PENDING APPEAL

**NOW COME** the Defendants Skinner Services, Inc. ("Skinner Demolition") and Thomas Skinner (collectively the "Defendants"), pursuant to Fed. R. Civ. P. 62(c), and hereby request a stay of enforcement of the injunction issued by this Court in the Order Concerning Sanctions for Defendants' Contempt of Court (the "Order") entered on December 10, 2018 [Document 233], pending disposition of the appeal. Specifically, a stay of the injunction ordering the Defendants to post the Notice to Employees [Document 233-1] (the "Notice") is necessary to maintain the status quo during the pendency of the appeal and to avoid irreparable harm to the Defendants' ability to manage the company's workforce.

The Defendants respectfully submit that this Court has abused its discretion, disregarded crucial evidence which includes eyewitness testimony, and has inserted itself into the daily personnel and jobsite management decisions of the company, where no judicial intervention was warranted. As a result, Skinner Demolition's management has been significantly handicapped in

its ability to make personnel management, jobsite safety, and disciplinary decisions. Requiring posting of the Notice will cause irreparable harm to the Defendants by further undermining the Defendants' authority and will set a dangerous precedent that employees are immune from any repercussions for insubordination, misconduct, and for disregard for jobsite safety putting the public at risk of injury. Indeed, Defendants have already observed a marked difference in the demeanor of their employees and response to instructions from management in the wake of this Court's finding of civil contempt. Therefore, a stay of the injunction should be issued to maintain the status quo and avoid further irreparable injury until the Defendants have been afforded the opportunity to exercise their rights to an appeal. In further support of the Motion, the Defendants state as follows:

**ARGUMENT**

**I.  A STAY OF THE NOTICE SHOULD BE ENTERED TO MAINTAIN THE STATUS QUO AND AVOID IRREPARABLE INJURY TO THE DEFENDANTS' ABILITY TO MANAGE PERSONNEL DURING PENDANCY OF THE APPEAL.**

This Court has discretion over enforcement of an injunction pending appeal.[1] Fed. R. Civ. P. 62(c). The District Court's power to stay the execution of an injunctive order pending appeal is directed to preserve the status quo. Armstrong v. Brown, 732 F.3d 955, 959 n.6 (9th Cir. 2013); Coastal Corp. v. Texas Eastern Corp., 869 F.2d 817, 819 (1989); Ideal Toy Corp. v. Sayco Doll Corp., 302 F.2d 623, 625 (2nd Cir. 1962); Railway Labor Executives Ass'n v. Boston & Maine Corp., 639 F. Supp. 1092, 1115-16 (D. Me. 1986). "The issuance of a stay depends on whether the harm caused movant without the stay, in light of the movant's likelihood of eventual success on the merits, outweighs the harm the stay will cause the non-moving party."

---

[1] The district court's power under Fed. R. Civ. P. 62 to modify an injunction is an exception to the usual rule that the district court loses jurisdiction over matters being appealed. Natural Res. Defense Council, Inc. v. Southwest Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001).

Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 16-17 (1st Cir. 2002) (internal alterations omitted) *quoting* United Steelworkers of America v. Textron, Inc., 836 F.2d 6, 7 (1st Cir. 1987).

Stays of injunctions are evaluated under the traditional four-part standard, including likelihood of success on the merits, risk of irreparable harm, a balancing of the harms, and maintaining the status quo.  Acevedo-Garcia, 296 F.3d at. 16-17.  Here, the Defendants are likely to succeed on the merits of their appeal as the protective order at issue was not clear and unequivocal that it applies to the daily personnel and management decisions of Skinner Demolition.  Particularly when, as here, those decisions were made in good faith.  In addition, the District Court abused its discretion and erred by apparently disregarding key eyewitness testimony of Skinner Demolition employee Michael Drake ("Drake"), who was working the safety detail alongside Manuel Goncalves ("Goncalves") on August 24, 2018 and witnessed Goncalves' failure to properly perform his safety detail duties.

Drake also witnessed Goncalves' insubordination and combative behavior when these issues were addressed by management (Thomas Skinner) at the jobsite.  Drake's testimony during the evidentiary hearing was consistent with and supported that of Thomas Skinner.  Yet, it appears the District Court inexplicably disregarded this testimony.  The District Court also appears to have completely disregarded key evidence that Skinner Demolition rehired a one named Plaintiff and four opt-in Plaintiffs in late January and early February 2018, dispelling any argument that the Defendants harbored or exhibited discriminatory animus in its personnel decisions.

Next, the Defendants' ability to manage their personnel and company jobsites will be irreparably harmed without a stay of the injunction ordering the Defendants to post the Notice at Skinner Demolition's offices.  See Coastal Corp., 869 F.2d at 820 ("the powers of the district

3

court over an injunction pending appeal should be limited to maintaining the status quo");  Railway Labor Executives Ass'n, 639 F. Supp. at 1115-16 (focusing on maintaining the status quo).  Special care is needed, as this Court has acknowledged, to maintain employer-employee relations, which can be strained in wage and hour collective and class action cases.  This harm to Skinner Demolition vastly outweighs any potential harm to Goncalves and the Plaintiffs' failed to set forth any credible evidence, other than Plaintiffs' counsels' speculation and unsupported conclusions that Goncalves' termination might have a chilling effect on Plaintiff participation.

The Defendants respectfully submit that this Court has abused its discretion, disregarded crucial eyewitness testimony, and has inserted itself into the daily personnel and jobsite management decisions of the company, where no judicial intervention was warranted.  As a result, Skinner Demolition's management has been significantly handicapped in its ability to make personnel management, jobsite safety, and disciplinary decisions.  Requiring posting of the Notice will cause irreparable harm to the Defendants by further undermining the Defendants' authority and by setting a dangerous precedent that employees are immune from any repercussions for insubordination, shirking their duties and other job-related misconduct.  Indeed, Defendants have already observed a marked difference in the demeanor of its employees and response to instructions from management in the wake of this Court's finding of civil contempt.

A stay of the injunction is also in the public interest in order to maintain Skinner Demolition's ability to ensure the safety at its jobsites.  Here, the evidence indicates that Goncalves was not properly performing his public safety detail prior to his termination and that he became insubordinate, combative, and rude when company management questioned Goncalves' effort.  Requiring the posting of the notice in light of Goncalves' misconduct will set

a dangerous precedent that employees can shirk their duties without repercussions further endangering the public. The Notice is overly punitive and highlights the fact that company management has been rendered toothless. Therefore, a stay of the injunction will be in the public's best interest as the risk of harm should not be incurred until the Court of Appeals has had the opportunity to review this Court's order and findings of civil contempt. See Exxon Corp. v. Esso Worker's Union, Inc., 963 F. Supp. 58, 60 (D. Mass. 1997) (finding that stay of injunction in public's best interest during pendency of appeal where public safety was concerned).

A stay of the injunction is also warranted because it would be extremely difficult, if not impossible, to quantify the harm posting of the Notice will impose upon Skinner Demolition's business. Therefore, a stay of the injunction is merited. See, e.g., Corporate Technologies, Inc. v. Harnett, 943 F. Supp. 2d 233, 243 (D. Mass. 2013) (inability to quantify damages constitutes irreparable harm meriting injunctive relief); Compare Osthus v. TruStone Financial Credit Union, 182 F.Supp.3d 901, 913 (D. Minn. 2016) (finding no irreparable harm where the "alleged violations to the affected employees 'can be easily and fully compensated by monetary damages'"), and Chester ex rel. N.L.R.B. v. Eichorn Motors, Inc., 504 F.Supp.2d 621, 628 (D. Minn. 2007) *citing* Sharp v. Parents in Community Action, Inc., 172 F.3d 1034, 1040 (8th Cir. 1999) (holding "no irreparable harm where there is an adequate monetary remedy").

**WHEREFORE,** this Honorable Court should grant the Defendants' motion to stay the execution of the injunction and notice requirement set forth in Documents 233 and 233-1 pending the Defendants' appeal in accordance with Fed. R. Civ. P. 62(c).

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I certify that on December 22, 2018, counsel for the Defendants conferred with Plaintiffs' counsel, by email, in a good faith attempt to resolve or narrow the issues presented by this motion, but were unable to reach any resolution on the issues presented herein.

                                        Respectfully submitted,

                                        **SKINNER SERVICES, INC., and**
                                        **THOMAS SKINNER,**
                                        By their attorneys,

                                        /s/ Michael B. Cole
                                        Gregory J. Aceto (BBO# 558556)
                                        aceto@acetolegal.com
                                        Michael B. Cole (BBO# 679596)
                                        mcole@acetolegal.com
                                        **ACETO, BONNER & COLE, P.C.**
                                        One Liberty Square, Suite 410
                                        Boston, MA  02109
                                        (617) 728-0888

Dated:  December 24, 2018

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone not able to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

    /s/ Michael B. Cole
    Michael B. Cole (BBO# 679596)
    mcole@acetolegal.com
    **ACETO, BONNER & COLE, P.C.**
    One Liberty Square, Suite 410
    Boston, MA  02109
    (617) 728-0888