## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

JOSE PINEDA, JOSE MONTENEGRO, MARCO )
LOPEZ, and JOSE HERNANDEZ on behalf of )
themselves and all others similarly situated, )

                                    )   C.A. No. 1:16-cv-12217

         Plaintiffs )

         v. )

SKINNER SERVICES, INC. d/b/a SKINNER )
DEMOLITION, THOMAS SKINNER, DAVID )
SKINNER, ELBER DINIZ and SANDRO SANTOS )

         Defendants. )
_____)

### DEFENDANTS' OPPOSITION TO PLAINTIFFS'
### MOTION TO REFORM FLSA COLLECTIVE

The Plaintiffs' Motion to Reform FLSA Collective ("Motion to Reform") is an improper attempt to create a Fair Labor Standards Act ("FLSA") collective that does not exist.  As set forth in detail in the Defendants' Opposition to Plaintiffs' Motion for Class Certification and Cross-Motion to Decertify FLSA Collective Action (the "Opposition and Cross-Motion") filed on January 25, 2019 as Document 242, and incorporated by reference as if fully set forth herein, Skinner Services, Inc.'s ("Skinner Demolition") demo team members are not similarly situated and Plaintiffs' motion will not remedy that fact.  Rather, resolution of the FLSA collective members' claims involves individualized inquiry into the manner in which each specific demolition team demo team member commuted to and from work, the geographic area travelled to and from, the specific activities performed as part of that commute, whether that demo team member was a driver or passenger, and whether specific individualized instructions were given to that particular demo team member by his supervisor.  The answers to these inquiries will vary

by individual class member.

Moreover, in their Motion to Reform, the Plaintiffs fail to set forth how, specifically, they intend to notify the FLSA collective members that their claims will be dismissed, how new putative members will opt in, and whether a new notice and new opt-in period is required.

In their Motion to Reform FLSA Collective, the Plaintiffs contend that when discovery indicates a subgroup is not similarly situated to the rest of the FLSA collective, that collective must be reformed to exclude such group. O'Brien v. Ed Donnelly Enter., Inc., 575 F.3d 567, 586 (6th Cir. 2009). To state that a collective must be reformed to exclude such group is unsuitable. Although courts have the discretion to address concerns regarding the collective, courts do not address reformation as the appropriate recourse. The Plaintiffs incorrectly addressed the holding set forth by the court in O'Brien. The court in O'Brien examined the option of partial decertification as being a possible remedy and its importance in being considered because it "counters the argument that a collective action must be totally decertified if some members are not similarly situated to others." Id. It is the partial decertification of a collective, not reformation, that is addressed in O'Brien. Id.

Contrary to the Plaintiffs' analysis, despite a court's tools and authority to address concerns regarding the "appropriate contours of the putative class," Plaintiffs should prove their assertions in a properly-brought motion for class certification, and a District Court may redefine such a class during the certification process. Manning v. Boston Medical Center Corp., 725 F.3d 34, 60 (1st Cir. 2013) citing Cf. Fengler v. Crouse Health Found., Inc., 595 F.Supp.2d 189, 197 (N.D.N.Y. 2009). For example, in Bouaphakeo v. Tyson Foods, Inc., the plaintiffs acknowledged that the court may limit the collective action class to meet the similarly situated standard, and this was well within the court's discretion to refine the plaintiffs' *proposed*

collective action class.  Bouaphakeo v. Tyson Foods, Inc., 564 F.Supp.2d 870, 900-01 (N.D.

Iowa 2008).  This differs from the facts before us as the Plaintiffs are seeking modification to the

collective class *after* the court has already conditionally certified it and after the Plaintiffs have

opted-in.  In fact, the Plaintiffs have failed to move to certify the conditionally certified FLSA

collective.

Courts have held that actions may be decertified if the record reveals that the Plaintiffs

are not similarly situated.  The court in Myers v. Hertz Corp. stated that in the event that the

record reveals plaintiffs who have opted-in are in fact not "similarly situated," the action may be

decertified and the "opt-in plaintiffs' claims may be dismissed without prejudice."  Myers v.

Hertz Corp., 624 F.3d 537, 555 (2nd Cir. 2010) see also Puglisi v. TD Bank, 998 F.Supp.2d 95,

100 (E.D.N.Y. 2014) *citing* Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303, 308 (S.D.N.Y.

1998) (if discovery reveals that the putative class members are in fact not similarly situated…the

court may decertify the class or divide the class into subgroups).  This contradicts the Plaintiffs'

assertion that the collective must be reformed to exclude such a group when discovery indicates

a subgroup is not similarly situated.

## CONCLUSION

Accordingly, because the Plaintiffs' Motion to Reform is not the appropriate remedy for

the lack of similarly situated Plaintiffs, their Motion should be denied.

Respectfully submitted,

**SKINNER SERVICES, INC., d/b/a
SKINNER DEMOLITION,
THOMAS SKINNER, DAVID
SKINNER, ELBER DINIZ and
SANDRO SANTOS,**
By their attorneys,

/s/ Michael B. Cole
Gregory J. Aceto (BBO# 558556)
aceto@acetolegal.com
Michael B. Cole (BBO# 679596)
mcole@acetolegal.com
**ACETO, BONNER & COLE, P.C.**
One Liberty Square, Suite 410
Boston, MA  02109
(617) 728-0888

Dated:  March 5, 2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone not able to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

/s/ Michael B. Cole
Michael B. Cole (BBO# 679596)
mcole@acetolegal.com
**ACETO, BONNER & COLE, P.C.**
One Liberty Square, Suite 410
Boston, MA 02109
(617) 728-0888