UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE PINEDA, JOSE MONTENEGRO, MARCO LOPEZ, and JOSE HERNANDEZ, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>SKINNER SERVICES, INC. d/b/a SKINNER DEMOLITION, THOMAS SKINNER, DAVID SKINNER, ELBER DINIZ, and SANDRO SANTOS,<br><br>    Defendants. | Civil Action No.<br>16-12217-FDS |

## MEMORANDUM AND ORDER ON PRELIMINARY INJUNCTION

**SAYLOR, J.**

    This case concerns claims by manual laborers against their employer, Skinner Services, Inc. d/b/a Skinner Demolition ("Skinner Services"), and supervisors Thomas Skinner, David Skinner, Elber Diniz, and Sandro Santos, for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and Massachusetts wage laws.

    On October 18, 2019, plaintiffs Jose Pineda, Jose Montenegro, Marco Lopez, and Jose Hernandez, on behalf of themselves and all others similarly situated, moved for a preliminary injunction restraining the sale or transfer of any of defendants' assets up to a value of $3,316,035; requiring defendants to account for all such assets with a value over $10,000 and any conveyance of those assets after November 2, 2016 (the date the complaint was filed); and ordering the defendants going forward to account on a quarterly basis for assets with a value over

$10,000, from now until the date of final adjudication in this matter.  Plaintiffs also seek an attachment of defendants' real property, vehicles, and equipment up to a value of $3,316,035, as well as an attachment by trustee process of their non-payroll bank accounts.  Plaintiffs contend that this relief is necessary to prevent defendants from conveying assets, other than in the ordinary course of business, in an attempt to avoid judgment in this case.  This Court held a hearing on the motion on December 17, 2019.

Fed. R. Civ. P. 64 permits the Court to grant "every remedy . . . available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."  *See Metro. Prop. & Cas. Ins., Co. v. Boston Reg'l Physical Therapy, Inc.*, 550 F. Supp. 2d 199, 201 (D. Mass. 2008).  Although a district court does not have authority under its equitable powers to issue a preliminary injunction freezing a defendant's assets, that does not foreclose the availability of a similar injunction pursuant to state law.  *Grupo Mexicano De Desarrollo v. Alliance Bond Fund*, 527 U.S. 308, 319 n.3 (1999) (noting that the Court considered only the validity of the injunction pursuant to "federal equity principles," not the law of the forum state).  The First Circuit has indicated that such relief might be permissible under Massachusetts law.  *See Micro Signal Research, Inc. v. Otus*, 417 F.3d 28, 33 n.3 (1st Cir.2005) (citing *R.G. v. Hall*, 37 Mass. App. Ct. 410 (Mass. App. Ct. 1994) (upholding such relief)).

To obtain a preliminary injunction under Massachusetts law, a plaintiff must generally establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, and (3) that the balance of equities tips in his favor. *Loyal Order of Moose, Inc. v. Board of Health of Yarmouth*, 439 Mass. 597, 601 (2003).

Plaintiffs have met those requirements here.  Based on the testimonial and documentary

evidence submitted in this case to date, plaintiffs have demonstrated a reasonable likelihood of success on their claims under the FLSA and Massachusetts wage laws. They have also shown that absent a preliminary injunction, they will likely suffer irreparable harm because defendants may dissipate or conceal their assets in order to avoid judgment. *See Micro Signal*, 417 F.3d at 31. And they have shown that assuming any relief does not seriously interfere with defendants' business operations, the balance of equities tips in their favor.

Accordingly, the Court will preliminarily enjoin defendant Skinner Services, Inc., from selling, transferring, or otherwise conveying its assets, except in the ordinary course of business, up to a specific amount. It will not, however, restrain the transfer of assets of the individual defendants, as they are not business entities and undoubtedly need to pay household bills and similar personal expenses. All defendants will, however, be required to provide reasonable advance notice to plaintiffs for any future transfers, and to account for past transfers, over a specific threshold.

Two questions remain about the proper scope of the injunction.

The first is the upper limit of the restraint on the ability of Skinner Services, Inc., to transfer its assets. The purpose of the restraint is to make it more likely that, if plaintiffs prevail, they will be able to recover a judgment against defendants. It is not necessary to restrain the entire value of defendants' assets to do this—only the amount that plaintiffs would likely recover. Plaintiffs say that amount is $3,316,035; according to plaintiffs, that represents their damages, which are estimated by their expert witness to be between $400,000 and $650,000, plus "mandatory treble damages, statutory interest, attorneys' fees, and costs . . ." (Pls. Mot. 20). Even with that information, it is unclear how plaintiffs calculated their potential recovery at more than $3.3 million. Rather than rely on that number, the Court will instead calculate its own,

substantially more conservative estimate: $1,425,000, which represents $475,000, the approximate mid-point of the damages estimates of plaintiffs' expert, multiplied by three to account for the possibility of treble damages. Therefore, Skinner Services will be preliminarily enjoined from conveying any of its assets, except in the ordinary course of business, unless the net value of its assets will—regardless of that conveyance—remain over $1,425,000.

The second question is the lower limit on the notice and accounting requirements. Plaintiffs contend that this Court should order defendants to provide reasonable advance notice for any transfer of assets valued at or in excess of $10,000 and to account for those same assets on both a retrospective and prospective basis. Defendants represent that they often transfer more than $10,000 in the ordinary course of their business, and that these requirements would unreasonably encumber their operations. Under the circumstances, the Court will order defendants to provide notice and account for assets previously transferred in the ordinary course of business over the amount of $25,000.

In summary, the Court will preliminarily enjoin Skinner Services, Inc., from selling, transferring, or otherwise conveying any of its assets, except in the ordinary course of business, up to a limit of $1,425,000; require all defendants to provide reasonable advance notice to plaintiffs for any future transfers of more than $25,000; and will order all defendants to account for any transfer of assets with a value of more than $25,000 from November 2, 2016, to the date of this order.

In addition to a preliminary injunction, plaintiffs seek pretrial attachment of defendants' real property, vehicles, and equipment, as well as attachment of their non-payroll bank accounts by trustee process.

In order to obtain an order of pretrial attachment under Massachusetts law, a plaintiff

must demonstrate (1) a reasonable likelihood of success on the merits, and (2) a reasonable likelihood of recovering judgment equal to or greater than the amount of the attachment sought over and above any liability insurance shown by defendant to be available to satisfy judgment. Mass. R. Civ. P., Rule 4.1(c).

The requirements of Mass. R. Civ. P., Rule 4.1(c) are satisfied. Plaintiffs have demonstrated a reasonable likelihood of success on the merits, as discussed above. And they have shown, as discussed above, that it is reasonably likely that they will recover a judgment in the amount of $1,425,000, and defendant has not shown that any liability insurance is available to satisfy a potential judgment.

The question then becomes what property may be attached. It does not appear that Skinner Services itself owns any real estate; in any event, plaintiffs have offered no such evidence. It appears undisputed that the individual defendants own real property that may be attached—but only as to any amount over the homestead exemption limit set forth in Mass. Gen. Laws. ch. 188, §§ 3-5. (*See* Pls. Mot., Ex. G. ("Shockey Aff.") ¶¶ 6-14). Similarly, it appears undisputed that defendants collectively own more than two dozen motor vehicles and that Skinner Services owns various equipment related to its business. (*Id.*). Skinner Services is, however, still in business, and the individual defendants likely need their motor vehicles for everyday use. The actual seizure of these physical assets would undoubtedly put Skinner Services out of business. It would also seriously inconvenience the individual defendants, who seem to own only a small proportion of the physical assets at issue. Neither of these results appears necessary, at least at this time, to make assets available against a future judgment. Accordingly, the Court will order that plaintiffs shall have an attachment as to the physical property of Skinner Services in the amount of $1,425,000; provided, however, that those assets

may remain in defendants' physical custody and may be used in the ordinary course of business of Skinner Services.

As to defendants' intangible assets, the record is limited at best. Plaintiff avers that Skinner Services has non-payroll bank accounts at the Rockland Trust Company. (Shockey Aff. ¶ 15). However, defendants represent that attachment by trustee process of these accounts would put Skinner Services out of business entirely. Based on that representation, and because it appears unnecessary to attach these accounts given the other relief provided, the Court will not order attachment by trustee process of defendants' bank accounts.

## Conclusion

For the foregoing reasons, plaintiffs' motion for a preliminary injunction and prejudgment attachment is GRANTED in part and DENIED in part. It is hereby ORDERED as follows:

1. Defendants Skinner Services, Inc. d/b/a Skinner Demolition, and all persons or entities with knowledge of this Order acting in concert with them, are hereby restrained from selling, transferring, or otherwise conveying any assets of Skinner Services, Inc., except in the ordinary course of business, unless the net value of the assets of Skinner Services, Inc. will be at least $1,425,000 regardless of any such sale, transfer, or conveyance.

2. Defendants Skinner Services, Inc. d/b/a Skinner Demolition, Thomas Skinner, David Skinner, Elber Diniz, and Sandro Santos, and all persons or entities with knowledge of this Order acting in concert with them,

    a. shall provide reasonable advance notice to plaintiffs for any sale, transfer, or conveyance of any asset having a value of more than $25,000; and

    b. shall, within 21 days of this order, provide an accounting of the sale, transfer,

      or conveyance of any asset having a value of more than $25,000 from November 2, 2016, to the date of this order.

3. Pursuant to Mass R. Civ. P., Rule 4.1, a writ of attachment shall issue as to the physical property of defendant Skinner Services, Inc. d/b/a Skinner Demolition, not including any intangible assets, in the amount of $1,425,000, in order to satisfy the potential claims of the plaintiffs, to be held jointly by the plaintiffs; provided, however, that those assets may remain in the physical custody of Skinner Services, Inc. and may be used in the ordinary course of business.

**So Ordered.**

Dated:  December 23, 2019

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge