A. **Witnesses the Defendants Expect to Call.** [1]

| | |
|---|---|
| 1. Thomas Skinner – Hanson, MA | No objection. |
| 2. David Skinner – Canton, MA | No objection. |
| 3. Sandro Santos – Stoughton, MA | No objection. |
| 4. Elber Diniz – Easton, MA | No objection. |
| 5. Brian Fitzgerald – Brockton, MA | No objection. |
| 6. Ubirata Ferreira – Walpole, MA | No objection. |
| 7. Christian Durham – Quincy, MA | Objection because this witness was not listed on Defendants' initial disclosures. |
| 8. Leonardo Almeida – Fall River, MA. | No objection. |
| 9. Marcio Calixto – Stoughton, MA | No objections, assuming that this is the same person as Gio Calixto listed in Defendants' initial disclosures. |
| 10. Derek Horner – Plymouth, MA | Objection because this witness was not listed on Defendants' initial disclosures. |
| 11. Thomas Kelley – Holbrook, MA | Objection because this witness was not listed on Defendants' initial disclosures. |
| 12. Fidel Lara – Chelsea, MA | No objection. |
| 13. Joao Marcolino – Stoughton, MA | Objection because this witness was not listed on Defendants' initial disclosures. |
| 14. Thiago Otoni – Fall River, MA | No Objection. |
| 15. Marconino Pinto – Stoughton, MA | No objection, assuming Marconio Pinto is intended. |
| 16. Carlos Robinson – Roxbury, MA | No objection. |
| 17. Alex Silva – Stoughton, MA | No objection. |
| 18. Alex Rowe – Taunton, MA | Objection because this witness was not listed on Defendants' initial disclosures. |
| 19. Temi Murray – Randolph, MA | No objection. |
| 20. Jose Pineda – Central Falls, RI | No objection. |
| 21. Jose Hernandez – Central Falls, RI | No objection. |
| 22. Marco Lopez – Central Falls, RI | No objection. |

---

[1] Plaintiffs' objections are made as to the general expected testimony of Defendants' witnesses. Plaintiffs reserve the right to object to individual questions and discrete testimony that may arise during the course of the witnesses' examination.

| | |
|---|---|
| 23. Jose Montenegro – Central Falls, RI | No objection. |
| 24. Nilton Barros – Brockton, MA | No objection. |
| 25. Edson Andrade – Brockton, MA | Objection because this witness was not listed on Defendants' initial disclosures. |
| 26. Francisco Pedroza – Chelsea, MA | Objection because this witness was not listed on Defendants' initial disclosures. |
| 27. Henri Aguilar – Central Falls, RI | Objection because this witness was not listed on Defendants' initial disclosures. |
| 28. Brijido Alvarez – Central Falls, RI | No objection. |
| 29. Vidal Cante – Central Falls, RI | No objection. |
| 30. Frowilan Chacaj – Central Falls, RI | No objection. |
| 31. Noe Cosigua – Central Falls, RI | No objection. |
| 32. Edgar Molina – Central Falls, RI | No objection. |
| 33. Marcos Garcia – Central Falls, RI | No objection. |
| 34. Cesar Gomez – Central Falls, RI | No objection. |
| 35. Carlos Morataya – Central Falls, RI | No objection. |
| 36. Juan Vasquez-Marroquin – Central Falls, RI | No objection. |
| 37. Gustavo Coconubo – Chelsea, MA | Objection as to relevance and likelihood of confusing the jury. Gustavo Coconubo is a Boston Crew member who was excluded from the Reporting Class because he was not subject to the Reporting Policy. Further, he did not start working at Skinner Services until April of 2016, after the period relevant to this case had ended. He is not a member of the Uniform Class. His testimony is immaterial to any fact in dispute in this case. |
| 38. Marco Mendez – Dorchester, MA | Objection as to relevance and likelihood of confusing the jury if Marco Mendez's testimony is introduced as to the disputes regarding the Reporting Class. Mr. Mendez is a Boston Crew member is a Boston Crew member who was excluded from the Reporting Class because he was not subject to the Reporting Policy. If his testimony is introduced as to the disputes regarding the Reporting Class, it will be irrelevant and likely confuse and mislead the jury. |

| | |
|---|---|
| 39. Jose Vicente – Dorchester, MA | Objection as to relevance and likelihood of confusing the jury. Jose Vicente is a Boston Crew member who was excluded from the Reporting Class because he was not subject to the Reporting Policy. He is not a member of the Uniform Class. His testimony is immaterial to any fact in dispute in this case. |
| 40. Cesar Fortes – Brockton, MA | No objection. |
| 41. Carlos Bermudez-Glean – Roxbury, MA | No objection. |

**B. Witnesses the Plaintiff May Call if the Need Arises.**

| | |
|---|---|
| 1. Manuel Goncalves – Brockton, MA | No objection. |
| 2. Douglas Henriquez – East Boston, MA | Objection as to relevance of his testimony and likelihood of confusing the jury. Douglas Henriquez is a Boston Crew member who was excluded from the Reporting Class because he was not subject to the Reporting Policy. He is not a member of the Uniform Class. His testimony is immaterial to any fact in dispute in this case. |
| 3. Christopher Pollick – Brockton, MA | Objection because this witness was not listed on Defendants' initial disclosures. |
| 4. Manuel Teixeira – Fall River, MA | No objection. |
| 5. Manuel Goncalves – Brockton, MA | No objection. |
| 6. Edlei Gomez – Worcester, MA | No objection. |
| 7. Keeper of Records of CINTAS Corporation | Objection because this witness was not listed on Defendants' initial disclosures. |
| 8. Keeper of Records of Paychex | Objection because this witness was not listed on Defendants' initial disclosures. |
| 9. Keeper of Records of ADP | Objection because this witness was not listed on Defendants' initial disclosures. |
| 10. Keeper of Records of TimeStation | Objection because this witness was not listed on Defendants' initial disclosures. |
| 11. Michele Forrester – Avon, MA | Objection because this witness was not listed on Defendants' initial disclosures. |

**II. Identification of Potential Exhibits.**

**A. Documents the Defendants Expect to Offer.**

| | | |
|---|---|---|
| 1. | Articles of Organization of Skinner Services, Inc. | No objection. |
| 2. | Annual Reports of Skinner Services, Inc. 2007-2016. | No objection if these refer to the Annual Reports filed with the Secretary of State. |
| 3. | Payroll Records of Jose Pineda dated August 5, 2013-February 29, 2016. | No objection. |
| 4. | Paper Employee Weekly Reports of Jose Pineda dated August 5, 2013-January 2014. | No objection. |
| 5. | Timestation Employee Detail Reports of Jose Pineda dated January 2014-February 29, 2016. | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 6. | Payroll Records of Jose Hernandez dated August 5, 2013-February 29, 2016. | No objection. |
| 7. | Paper Employee Weekly Reports of Jose Hernandez dated August 5, 2013-January 2014. | No objection. |
| 8. | Timestation Employee Detail Reports of Jose Hernandez dated January 2014-February 29, 2016. | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 9. | Payroll Records of Marco Lopez dated August 5, 2013-February 29, 2016. | No objection. |
| 10. | Paper Employee Weekly Reports of Marco Lopez dated August 5, 2013-January 2014. | No objection. |
| 11. | Timestation Employee Detail Reports of Marco Lopez dated January 2014-February 29, 2016. | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 12. | Payroll Records of Jose Montenegro dated August 5, 2013-February 29, 2016. | No objection. |
| 13. | Paper Employee Weekly Reports of Jose Montenegro dated August 5, 2013-January 2014. | No objection. |

| | |
|---|---|
| 14. Timestation Employee Detail Reports of Jose Montenegro dated January 2014-February 29, 2016. | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 15. Payroll Records of Nilton Barros dated August 5, 2013-February 29, 2016 | Objection as to relevance and likelihood of confusing the jury if these are introduced as to the disputes regarding the Reporting Class. Nilton Barros is only a member of the Uniform Class. If his payroll records and time records are introduced as to the disputes regarding the Reporting Class, they will be irrelevant and likely confuse and mislead the jury.<br><br>Plaintiffs do not object to the introduction of those records which pertain to uniform deductions taken from Mr. Barros' paychecks as to that issue. |
| 16. Paper Employee Weekly Reports of Nilton Barros dated August 5, 2013-January 2014. | Objection as to relevance and likelihood of confusing the jury if these are introduced as to the disputes regarding the Reporting Class. Nilton Barros is only a member of the Uniform Class. If his payroll records and time records are introduced as to the disputes regarding the Reporting Class, they will be irrelevant and likely confuse and mislead the jury.<br><br>Plaintiffs do not object to the introduction of those records which pertain to uniform deductions taken from Mr. Barros' paychecks as to that issue. |
| 17. Timestation Employee Detail Reports of Nilton Barros dated January 2014-February 29, 2016. | Objection as to relevance and likelihood of confusing the jury if these are introduced as to the disputes regarding the Reporting Class. Nilton Barros is only a member of the Uniform Class. If his payroll records and time records are introduced as to the disputes regarding the Reporting Class, they will be irrelevant and likely confuse and mislead the jury.<br><br>Further, Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are |

| | | |
|---|---|---|
| | | hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. Plaintiffs do not object to the introduction of those records which pertain to uniform deductions taken from Mr. Barros' paychecks as to that issue. |
| 18. | Payroll Records of Edson Andrade dated August 5, 2013-February 29, 2016. | No objection. |
| 19. | Paper Employee Weekly Reports of Edson Andrade dated August 5, 2013-January 2014. | No objection. |
| 20. | Timestation Employee Detail Reports of Edson Andrade dated January 2014-February 29, 2016. | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 21. | Payroll Records of Douglas Henriquez dated August 5, 2013-February 29, 2016. | Objection as to relevance and likelihood of confusing the jury. Douglas Henriquez is a Boston Crew member who was excluded from the Reporting Class because he was not subject to the Reporting Policy. He is not a member of the Uniform Class. His payroll records are immaterial to this case and likely to distract the jury from what is at issue in this case |
| 22. | Paper Employee Weekly Reports of Douglas Henriquez dated August 5, 2013-January 2014. | Objection as to relevance and likelihood of confusing the jury. Douglas Henriquez is a Boston Crew member who was excluded from the Reporting Class because he was not subject to the Reporting Policy. He is not a member of the Uniform Class. His payroll records are immaterial to this case and likely to distract the jury from what is at issue in this case |
| 23. | Timestation Employee Detail Reports of Douglas Henriquez dated January 2014-February 29, 2016. | Objection as to relevance and likelihood of confusing the jury. Douglas Henriquez is a Boston Crew member who was excluded from the Reporting Class because he was not subject to the Reporting Policy. He is not a member of the Uniform Class. His payroll records are immaterial to this case and likely to distract the jury from what is at issue in this case |

|  | |
|---|---|
|  | Further, Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 24. Payroll Records of Christopher Pollick dated August 5, 2013-February 29, 2016. | No objection. |
| 25. Paper Employee Weekly Reports of Christopher Pollick dated August 5, 2013-January 2014. | No objection. |
| 26. Timestation Employee Detail Reports of Christopher Pollick dated January 2014-February 29, 2016. | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 27. Payroll Records of Francisco Pedroza dated August 5, 2013-February 29, 2016. | No objection. |
| 28. Paper Employee Weekly Reports of Francisco Pedroza dated August 5, 2013-January 2014 | No objection. |
| 29. Timestation Employee Detail Reports of Francisco Pedroza dated January 2014-February 29, 2016 | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 30. Payroll Records of Henri Aguilar dated August 5, 2013-February 29, 2016 | No objection. |
| 31. Paper Employee Weekly Reports of Henri Aguilar dated August 5, 2013-January 2014 | No objection. |
| 32. Timestation Employee Detail Reports of Henri Aguilar dated January 2014-February 29, 2016. | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 33. Payroll Records of Brijido Alvarez dated August 5, 2013-February 29, 2016. | No objection. |
| 34. Paper Employee Weekly Reports of Brijido Alvarez dated August 5, 2013-January 2014. | No objection. |

| | |
|---|---|
| 35. Timestation Employee Detail Reports of Brijido Alvarez dated January 2014-February 29, 2016. | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 36. Payroll Records of Vidal Cante dated August 5, 2013-February 29, 2016. | No objection. |
| 37. Paper Employee Weekly Reports of Vidal Cante dated August 5, 2013-January 2014. | No objection. |
| 38. Timestation Employee Detail Reports of Vidal Cante dated January 2014-February 29, 2016. | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 39. Payroll Records of Frowilan Chacaj dated August 5, 2013-February 29, 2016. | No objection. |
| 40. Paper Employee Weekly Reports of Frowilan Chacaj dated August 5, 2013-January 2014. | No objection. |
| 41. Timestation Employee Detail Reports of Frowilan Chacaj dated January 2014-February 29, 2016. | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 42. Payroll Records of Noe Cosigua dated August 5, 2013-February 29, 2016. | No objection. |
| 43. Paper Employee Weekly Reports of Noe Cosigua dated August 5, 2013-January 2014. | No objection. |
| 44. Timestation Employee Detail Reports of Noe Cosigua dated January 2014-February 29, 2016. | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 45. Payroll Records of Edgar Molina dated August 5, 2013-February 29, 2016. | No objection. |
| 46. Paper Employee Weekly Reports of Edgar Molina dated August 5, 2013-January 2014. | No objection. |
| 47. Timestation Employee Detail Reports of Edgar Molina dated January 2014-February 29, 2016. | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion |

|  |  | evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
|---|---|---|
| | 48. Payroll Records of Marcos Garcia dated August 5, 2013-February 29, 2016. | No objection. |
| | 49. Paper Employee Weekly Reports of Marcos Garcia dated August 5, 2013-January 2014. | No objection. |
| | 50. Timestation Employee Detail Reports of Marcos Garcia dated January 2014-February 29, 2016. | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| | 51. Payroll Records of Cesar Gomez dated August 5, 2013-February 29, 2016. | No objection. |
| | 52. Paper Employee Weekly Reports of Cesar Gomez dated August 5, 2013-January 2014. | No objection. |
| | 53. Timestation Employee Detail Reports of Cesar Gomez dated January 2014-February 29, 2016. | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| | 54. Payroll Records of Carlos Morataya dated August 5, 2013-February 29, 2016. | No objection. |
| | 55. Paper Employee Weekly Reports of Carlos Morataya dated August 5, 2013-January 2014. | No objection. |
| | 56. Timestation Employee Detail Reports of Carlos Morataya dated January 2014-February 29, 2016. | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| | 57. Payroll Records of Juan Vasquez-Marroquin dated August 5, 2013-February 29, 2016. | No objection. |
| | 58. Paper Employee Weekly Reports of Juan Vasquez-Marroquin dated August 5, 2013-January 2014. | No objection. |
| | 59. Timestation Employee Detail Reports of Juan Vasquez-Marroquin dated January 2014-February 29, 2016. | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |

| | | |
|---|---|---|
| 60. | Payroll Records of Gustavo Coconubo dated August 5, 2013-February 29, 2016. | Objection as to relevance and likelihood of confusing the jury. Gustavo Coconubo is a Boston Crew member who was excluded from the Reporting Class because he was not subject to the Reporting Policy. He is not a member of the Uniform Class. Further, he did not start working at Skinner Services until April of 2016, after the period relevant to this case had ended. His payroll records are immaterial to this case and likely to distract the jury from what is at issue in this case. |
| 61. | Paper Employee Weekly Reports of Gustavo Coconubo dated August 5, 2013-January 2014. | Objection as to relevance and likelihood of confusing the jury. Gustavo Coconubo is a Boston Crew member who was excluded from the Reporting Class because he was not subject to the Reporting Policy. He is not a member of the Uniform Class. Further, he did not start working at Skinner Services until April of 2016, after the period relevant to this case had ended. His payroll records are immaterial to this case and likely to distract the jury from what is at issue in this case. |
| 62. | Timestation Employee Detail Reports of Gustavo Coconubo dated January 2014-February 29, 2016. | Objection as to relevance and likelihood of confusing the jury. Gustavo Coconubo is a Boston Crew member who was excluded from the Reporting Class because he was not subject to the Reporting Policy. He is not a member of the Uniform Class. Further, he did not start working at Skinner Services until April of 2016, after the period relevant to this case had ended. His payroll records are immaterial to this case and likely to distract the jury from what is at issue in this case.<br><br>Further, Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 63. | Payroll Records of Marco Mendez dated August 5, 2013-February 29, 2016. | Objection as to relevance and likelihood of confusing the jury if these are introduced as to the disputes regarding the Reporting Class. Marco Mendez is a Boston Crew member who was excluded from the Reporting Class because he was not subject to the Reporting Policy. If his payroll records and time records |

| | | |
|---|---|---|
| | | are introduced as to the disputes regarding the Reporting Class, they will be irrelevant and likely confuse and mislead the jury.<br><br>Plaintiffs do not object to the introduction of those records which pertain to uniform deductions taken from Mr. Mendez's paychecks as to that issue. |
| 64. | Paper Employee Weekly Reports of Marco Mendez dated August 5, 2013-January 2014. | Objection as to relevance and likelihood of confusing the jury if these are introduced as to the disputes regarding the Reporting Class. Marco Mendez is a Boston Crew member who was excluded from the Reporting Class because he was not subject to the Reporting Policy. If his payroll records and time records are introduced as to the disputes regarding the Reporting Class, they will be irrelevant and likely confuse and mislead the jury.<br><br>Plaintiffs do not object to the introduction of those records which pertain to uniform deductions taken from Mr. Mendez's paychecks as to that issue. |
| 65. | Timestation Employee Detail Reports of Marco Mendez dated January 2014-February 29, 2016. | Objection as to relevance and likelihood of confusing the jury if these are introduced as to the disputes regarding the Reporting Class. Marco Mendez is a Boston Crew member who was excluded from the Reporting Class because he was not subject to the Reporting Policy. If his payroll records and time records are introduced as to the disputes regarding the Reporting Class, they will be irrelevant and likely confuse and mislead the jury.<br><br>Further, Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation.<br><br>Plaintiffs do not object to the introduction of those records which pertain to uniform deductions taken from Mr. Mendez's paychecks as to that issue. |
| 66. | Payroll Records of Jose Vicente dated August 5, 2013-February 29, 2016. | Objection as to relevance and likelihood of confusing the jury. Jose Vicente is a Boston |

| | | |
|---|---|---|
| | | Crew member who was excluded from the Reporting Class because he was not subject to the Reporting Policy. He is not a member of the Uniform Class. His payroll records are immaterial to this case and likely to distract the jury from what is at issue in this case. |
| 67. | Paper Employee Weekly Reports of Jose Vicente dated August 5, 2013-January 2014. | Objection as to relevance and likelihood of confusing the jury. Jose Vicente is a Boston Crew member who was excluded from the Reporting Class because he was not subject to the Reporting Policy. He is not a member of the Uniform Class. His payroll records are immaterial to this case and likely to distract the jury from what is at issue in this case. |
| 68. | Timestation Employee Detail Reports of Jose Vicente dated January 2014-February 29, 2016. | Objection as to relevance and likelihood of confusing the jury. Jose Vicente is a Boston Crew member who was excluded from the Reporting Class because he was not subject to the Reporting Policy. He is not a member of the Uniform Class. His payroll records are immaterial to this case and likely to distract the jury from what is at issue in this case.<br><br>Further, Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 69. | Payroll Records of Cesar Fortes dated August 5, 2013-February 29, 2016. | No objection. |
| 70. | Paper Employee Weekly Reports of Cesar Fortes dated August 5, 2013-January 2014. | No objection. |
| 71. | Timestation Employee Detail Reports of Cesar Fortes dated January 2014-February 29, 2016. | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 72. | Payroll Records of Carlos Bermudez-Glean dated August 5, 2013-February 29, 2016. | No objection. |
| 73. | Paper Employee Weekly Reports of Carlos Bermudez-Glean dated August 5, 2013-January 2014. | No objection. |

| | | |
|---|---|---|
| 74. | Timestation Employee Detail Reports of Carlos Bermudez-Glean dated January 2014-February 29, 2016. | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 75. | Payroll Records of Manuel Teixeira dated August 5, 2013-February 29, 2016. | No objection. |
| 76. | Paper Employee Weekly Reports of Manuel Teixeira dated August 5, 2013-January 2014. | No objection. |
| 77. | Timestation Employee Detail Reports of Manuel Teixeira dated January 2014-February 29, 2016. | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 78. | Payroll Records of Manuel Goncalves dated August 5, 2013-February 29, 2016. | No objection. |
| 79. | Paper Employee Weekly Reports of Manuel Goncalves dated August 5, 2013-January 2014. | No objection. |
| 80. | Timestation Employee Detail Reports of Manuel Goncalves dated January 2014-February 29, 2016. | Plaintiffs object to Defendants' introduction of notes contained in the Employee Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 81. | Skinner Demolition All Employee Activity Reports January 2014-February 29, 2020. | Plaintiffs are unable to determine which documents this refers to or whether these have been produced and thus object to its introduction.<br><br>If these this refers to TimeStation Employee Activity Reports, Plaintiffs raise the following objections, without waiving the right to raise other objections should this refer to a different set of documents:<br><br>Objection as to relevance and likelihood of confusion of the jury of Employee Activity Reports from after 2016. The Reporting Class and Uniform Class periods in this case cease in February of 2016. While Activity Reports in the succeeding months have some relevance as to whether a change in practice occurred at that point, the subsequent three |

| | |
|---|---|
| | years of Employee Activity Reports have no relevance to this case. Further, Plaintiffs object because these documents were not produced in discovery. Payroll records beyond July 31, 2017, and Timestation records beyond October 5, 2017, were not produced in discovery. Finally, Plaintiffs object to Defendants' introduction of notes contained in the Employee Activity Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 82. Selected TimeStation Employee Activity/Detail Reports November 2, 2016-December 31, 2016. | Plaintiffs object as to the relevance and likelihood of confusion as to these documents. The Plaintiffs do not allege any damages from November or December of 2016 and there is no fact in dispute about Defendants' actions during that period.<br><br>Further, Plaintiffs object the unspecified "selection" of TimeStation Employee Activity/Detail Reports. Even if these were relevant, any "selection" has the potential to be confusing and/or misleading to the jury.<br><br>Finally, Plaintiffs object to Defendants' introduction of notes contained in the Employee Activity/Detail Reports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 83. Selected Plaintiff and Opt-in Plaintiff Text Messages (SKINNER PLAINTIFF250-257; 497-553; 654-655; 13176-13228; and 13526-13585). | Plaintiffs object as to the relevance and likelihood of confusion as to these documents for several reasons. First, many of these text messages are from after 2016 and thus are not part of the relevant time period for this case or the period immediately thereafter. Second, many of these texts have no bearing on any issue in this case, and their inclusion is likely to confuse the jury.<br><br>Further, any statements by parties other than Plaintiffs in discussions between Plaintiffs and non-Defendants are hearsay and/or lack foundation. |

| | |
|---|---|
| | Finally, Plaintiffs object the unspecified "selection," as that "selection" has the potential to be confusing and/or misleading to the jury. |
| 84. Thomas Skinner Text Messages (SKINNER006532-006696). | Plaintiffs object as to the introduction of these texts because they were not produced until November 20, 2020, nearly 26 months after close of discovery on September 27, 2018. Defendants' explanation for this production – that Thomas Skinner obtained a new phone and was thus able to access the text messages – confirms Defendants' failure to perform a thorough search for relevant text messages, which is echoed repeatedly in sworn testimony by Defendants.<br><br>Plaintiffs further object as to the relevance and likelihood of confusion as to these documents for several reasons. First, many of these text messages are from after February of 2016 and thus are not part of the relevant time period for this case. Second, it is unclear how the texts produced were selected and whether texts were omitted. Third, many of these texts have no bearing on any issue in this case, and their inclusion is likely to confuse the jury. |
| 85. Cintas Employee Agreements (SKINNER000402-405; 4096-004141). | No objection. |
| 86. Cintas Invoices (SKINNER005555-005683). | Plaintiffs object because these were not produced until January of 2019, more than three months after the close of Discovery on September 27, 2018. Defendants provided no explanation for the delay in production.<br><br>Further, Plaintiffs object as to the relevance of the Cintas Invoices. At most, the issue in factual dispute regarding the Uniform Class is whether Plaintiffs participated in the Cintas uniform program voluntarily. The amounts billed by Cintas for what services is immaterial to that or any other factual dispute in this case. |

| | |
|---|---|
| 87. Google Sheets Calendars. | Plaintiffs object to the degree these are not the Google Sheets Calendars that were produced by Defendants in discovery. |
| 88. Jose Montenegro TimeStation Employee Card. | No objection on the understanding that this refers to SP 00667, which was introduced as Exhibit 1 to Mr. Montenegro's deposition. |
| 89. TimeStation CSV Exports (SKINNER004272-004286). | Plaintiffs object to Defendants' introduction of notes contained in the Timestation CSV Exports because they are hearsay, opinion evidence, argumentative, prejudicial, confusing, and/or lack foundation. |
| 90. Photographs of 155 Bodwell Street, Avon, MA. | Plaintiffs object to these documents because the nature of these of photographs is unknown so it is impossible to determine their relevance and they were not produced in discovery. |
| 91. Maps of MA and RI. | Plaintiffs object to these documents because the nature of these of photographs is unknown so it is impossible to determine their relevance and they were not produced in discovery. |
| 92. Declarations of Jose Pineda. | No objection, assuming these refer to the Declaration provided by Plaintiffs to Defendants in this case. |
| 93. Declarations of Manuel Goncalves. | No objection, assuming these refer to the Declaration provided by Plaintiffs to Defendants in this case. |
| 94. Declarations of Opt-in Plaintiffs. | No objection, assuming these refer to the Declaration provided by Plaintiffs to Defendants in this case. |
| 95. Declarations of Class Members. | No objection, assuming these refer to the Declaration provided by Plaintiffs to Defendants in this case. |
| 96. February 26, 2016 Memorandum (SKINNER000413-000414). | Plaintiffs object as to Defendants introducing this document, as it is hearsay not subject to any exemption or exception under the Federal Rules of Evidence. |
| 97. Department of Labor ADD Loria Memo. | Plaintiffs object to this document as hearsay, not based on personal knowledge, opinion, lacking in foundation, lacking authentication, argumentative, confusing, and unfairly prejudicial. |

**B. Documents the Defendants May Offer if the Need Arises.**

| | | |
|---|---|---|
| 1. | Jose Pineda Personnel File Excerpts (SKINNER000006, 000011-16). | Plaintiffs object as to Defendants introducing these documents, as they are hearsay not subject to any exemption or exception under the Federal Rules of Evidence. |
| 2. | Manuel Goncalves Personnel File Excerpts (SKINNER004806-004815). | Plaintiffs object as to Defendants introducing these documents, as they are hearsay not subject to any exemption or exception under the Federal Rules of Evidence. Plaintiffs further object as to the relevance of certain of these documents to any fact in dispute in this case. Plaintiffs further object because these documents contain personal, private information of Mr. Goncalves such as his home address and social security number. In addition, Plaintiffs object to the introduction of any evidence pertaining to Plaintiffs' possession of drivers' licenses as irrelevant and unfairly prejudicial, including in these documents.<br><br>Plaintiffs object to SK004812 as hearsay not subject to any exemption or exception under the Federal Rules of Evidence. |
| 3. | Manuel Goncalves March 9, 2018 Letters of Verbal Warning. | Plaintiffs object to this as hearsay. Further, Plaintiffs object because this document was only produced at the hearing related to Defendants' contemptuous firing of Mr. Goncalves for his participation in this case, which led this Court to express doubts about its veracity. This hearing occurred in October-December of 2018, after the close of discovery on September 27, 2018. |
| 4. | Jose Montenegro Personnel File Excerpts (SKINNER000036-38). | Plaintiffs object as to the introduction Jose Montenegro's Form I-9 as irrelevant to the case, containing personal, private information, and as unfairly prejudicial.<br><br>Plaintiffs object as to Defendants introducing SK000038, as it is hearsay not subject to any exemption or exception under the Federal Rules of Evidence. |
| 5. | Named Plaintiff Personnel Files (SKINNER000026-000046). | Plaintiffs object to the introduction of Plaintiffs' personnel files. Most document contained in those files are ministerial employment documents that have no relevance to any fact in dispute in this case. |

|  |  |
|---|---|
|  | The remainder of the documents are largely recorded out-of-court statements by Defendants and thus hearsay. Many documents contain personal, private information such as home addresses and social security numbers. Plaintiffs object to the introduction of any evidence pertaining to Plaintiffs' possession of drivers' licenses as irrelevant and unfairly prejudicial, including in these documents. Further, Plaintiffs object to certain of these documents as unfairly prejudicial. |
| 6. Opt-in Plaintiff Personnel Files (SKINNER004729-005147). | Plaintiffs object to the introduction of Plaintiffs' personnel files. Most document contained in those files are ministerial employment documents that have no relevance to any fact in dispute in this case. The remainder of the documents are largely recorded out-of-court statements by Defendants and thus hearsay. Many documents contain personal, private information such as home addresses and social security numbers. Plaintiffs object to the introduction of any evidence pertaining to Plaintiffs' possession of drivers' licenses as irrelevant and unfairly prejudicial, including in these documents. Further, Plaintiffs object to certain of these documents as unfairly prejudicial. |
| 7. Interrogatory Answers of the Named Plaintiffs. | No objection, subject to the objections made therein. |
| 8. Deposition Transcripts of the Named Plaintiffs. | No objection, subject to the objections made at the depositions |
| 9. Interrogatory Answers of the Opt-in Plaintiffs. | No objection, subject to the objections made therein. |
| 10. Deposition Transcripts of the Opt-in Plaintiffs. | No objection, subject to the objections made at the depositions. |
| 11. Expert Report of David Breshears, CPA/CFF. | Plaintiffs objects because the Expert Report is hearsay. |
| 12. Communications with Hemming Morse, LLP (SP13844-13905). | Plaintiffs object to the introduction of statements by parties other than the Plaintiffs' counsel on the basis of hearsay, relevance, confusion of the issues, and/or unfairly prejudicial. |